IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY DONNELL WRIGHT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 122-114 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Larry Donnell Wright, Jr. filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion raises one ineffective assistance of counsel claim, asserting counsel failed to file an appeal after Petitioner instructed him to do so. Based on the evidence of record, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED**, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this case be **CLOSED**.

## I.    BACKGROUND

### A.    Indictment and Pretrial Proceedings

On November 2, 2022, the grand jury in the Southern District of Georgia charged Petitioner with one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 ("Count One"), two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) ("Counts Three and Four"), one count of distribution of a controlled substance in violation of 21 U.S.C.

§ 841(a)(1) ("Count Five"), two counts of using or maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1) ("Counts Six and Seven"), and twelve counts of use of a communication facility in violation of 18 U.S.C. § 843(b) ("Counts Nine through Twenty").  (Doc. no. 3.) Petitioner faced a minimum sentence of ten years and a maximum sentence of life for Count One, a maximum sentence of twenty years for Counts Three and Five, a maximum sentence of ten years for Count Four, a maximum sentence of twenty years for Counts Six and Seven, and a maximum sentence of four years for Counts Nine through Twenty.  (Doc. no. 4.)

The Court initially appointed attorney A. Brooke Jennings, then Wendell E. Johnston, Jr., to represent Petitioner.  (Doc. nos. 20, 36.)  On August 3, 2023, the Court granted Mr. Johnston's motion to withdraw as counsel and appointed Mrs. Michon D. Walker.  (Doc. nos. 116, 125.)  Petitioner thereafter retained Mr. Lloyd D. Murray, Sr.[1]  (Doc. nos. 211-213.)  Mr. Murray represented Petitioner at his second change of plea hearing and sentencing hearing. (Doc. nos. 231, 241.)

### B.    Guilty Plea

On March 20, 2024, Petitioner, represented by Mrs. Walker, had a change of plea hearing.  (Doc. no. 203.)  However, Petitioner did not enter a guilty plea at this hearing, and the case was set for trial shortly thereafter.  (Doc. nos. 203, 207.)

On January 29, 2025, Petitioner, this time represented by Mr. Murray, had a second change of plea hearing.  (Docs. 231-233.)  Pursuant to a written plea agreement, Petitioner pled guilty to a lesser included offense of Count One.  (Doc. nos. 231-233.)  In exchange, the government agreed to dismiss the remaining counts of the indictment against Petitioner and to

---

[1] Mr. Matthew D. Adkins also appeared to represent Petitioner as Mr. Murray's co-counsel.  (Doc. nos. 215-216.)

recommend an additional one-level reduction in offense level under U.S.S.G. § 3E1.1(b) based on Petitioner's timely notification of his intention to enter a guilty plea. (Doc. no. 233, pp. 4-5.)  The government also agreed to concede at sentencing that Petitioner does not qualify for enhancements (1) for role in offense under U.S.S.G. § 3B1.1, (2) possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), or (3) maintaining a drug premises under U.S.S.G. § 2D.1.1(b)(12).  (Id.)  Finally, the parties agreed  "for purposes of Section 2D1.1 of the Sentencing Guidelines, the offense involved a converted drug weight of at least 10,000 kilograms but not more than 30,000 kilograms."  (Id. at 4.)

Petitioner's plea agreement contained the following factual bases for his guilty plea:

Beginning on a date at least as early as February 2020 up to and including the return date of this indictment, the precise dates being unknown, in Richmond County, within the Southern District of Georgia, and elsewhere, the defendant, **LARRY DONNELL WRIGHT, JR.**, aided and abetted by others known and unknown, with some joining the conspiracy earlier and some joining later, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to possess with intent to distribute and to distribute a mixture containing a detectable amount of methamphetamine and methamphetamine (actual), all Schedule II controlled substances, and all in violation of Title 21, United States Code, Section 841(a)(1) and 846 and Title 18, United States Code, Section 2.

(Id. at 2.)

The plea agreement contained a broad appeal waiver provision that stated in relevant part:

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that Defendant may file a direct appeal of Defendant's sentence if  (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing;  or (3) the Government appeals the sentence. Absent those

3

exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

(Id. at 8.)  By signing the plea agreement, Petitioner attested he read, understood, and voluntarily agreed to the plea agreement.  (Id. at 12.)

At the change of plea hearing, United States District Judge J. Randal Hall explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights.  (See doc. no. 244.)  Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent.  (Id. at 5-6.)  The government provided the factual basis for the plea, the truth of which Petitioner confirmed.  (Id. at 14-16.)

Judge Hall summarized the terms of the plea agreement and explained to Petitioner that he was giving up his right to directly appeal the conviction and sentence on any ground, and Judge Hall reviewed the limited situations in which Petitioner would be entitled to appeal.  (Id. at 9-10.)  Judge Hall also explained the maximum penalties for the charges to which Petitioner was pleading guilty and explained the role of the Sentencing Guidelines, emphasizing they were only advisory and not binding on him.  (Id. at 10-11, 13.)  Furthermore, in response to a question asked by Judge Hall, Petitioner averred no one had made him any promise or prediction he would receive a particular sentence.  (Id. at 13.)

Judge Hall asked Petitioner whether he understood that by entering into the plea agreement, Petitioner agreed "to be bound by the terms of the agreement and . . . that all the facts are true and accurate."  (Id. at 8-9.)  In response to this question, Petitioner responded,

4

"Yes, sir." (Id. at 9.) At the conclusion of this colloquy with Petitioner, Judge Hall accepted Petitioner's guilty plea. (Id. at 17.)

### C.    Sentencing

The Presentence Investigation Report ("PSI") set Petitioner's base offense level at thirty-four pursuant to U.S.S.G. § 2D1.1. PSI ¶ 25. This offense level decreased three points for acceptance of responsibility resulting in a total offense level of thirty-one. PSI ¶¶ 32-34.

Petitioner received thirteen criminal history points for adult criminal convictions pursuant to U.S.S.G. § 4A1.1(a) and (c): (1) a 2008 felony conviction for burglary; (2) a 2010 felony conviction for possession of a firearm by a first offender probationer; (3) a 2010 felony conviction for possession of cocaine with intent to distribute; (4) a 2015 conviction for simple battery; and (5) 2016 felony convictions for possession of methamphetamine, cocaine, and marijuana with intent to distribute. PSI ¶¶ 38, 41, 42, 43, 44. Petitioner received one additional point for committing the instant offense while under a criminal justice sentence. PSI ¶ 46. Accordingly, Petitioner's criminal history score of fourteen established a criminal history category of VI. PSI ¶ 47. Based on a total offense level of thirty-one and a criminal history category of VI, Petitioner's guideline imprisonment range was 188 to 235 months. PSI ¶ 69.

Petitioner did not object to the PSI. (Doc. no. 245, p. 3.) Judge Hall sentenced Petitioner to serve a 216-month term of imprisonment, concurrent with any term imposed in his related Richmond County, Georgia case but consecutive to an unrelated case pending in Spalding County, Georgia. (Id. at 6.) Petitioner did not file an appeal.

### D.    § 2255 Proceedings

Petitioner filed the instant § 2255 motion, raising one ineffective assistance of counsel claim: Trial counsel failed to file a direct appeal after being instructed to do so following

sentencing. (See doc. no. 246.) The Court directed Respondent to file its response. (Doc. no. 247.) On March 23, 2026, Respondent conceded Petitioner is entitled to an out-of-time appeal because Mr. Murray, Petitioner's trial counsel at sentencing, failed to consult with Petitioner about the possibility of an appeal after sentencing. (See doc. no. 248, p. 1.)

## II.   DISCUSSION

### A.   Petitioner's Burden Under Strickland v. Washington

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013); see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (holding that Strickland test applies to ineffective assistance claim alleging failure to file an appeal). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under the prejudice prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### B.   Petitioner Is Entitled to An Out of Time Appeal

Respondent concedes Petitioner is entitled to an out-of-time appeal because Mr. Murray failed to consult with Petitioner after sentencing. (Doc. no. 248, p. 1.) All defense counsel have a general duty to consult about an appeal, including informing a client about the right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and

making a reasonable effort to determine whether the client wishes to pursue an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007).  Despite this general duty, the Supreme Court has specifically declined to adopt "a bright-line rule that counsel must always consult with the defendant regarding an appeal." Flores-Ortega, 528 U.S. at 480.  That Mr. Murray may not have seen any viable appellate issues does not vitiate the duty to explain the appellate process, describe the advantages and disadvantages of filing an appeal, and explain his obligation to file an appeal if Petitioner so desired.  Thompson, 504 F.3d at 1207.

Nor does the fact Petitioner signed a plea agreement with an appeal waiver mean Mr. Murray was automatically relieved of his obligation to consult with Petitioner.  See Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005) (ruling that if counsel failed to fulfill duty to determine client's wishes about appealing, prejudice is presumed and entitles petitioner to an out-of-time appeal, regardless of whether there are meritorious issues fitting exceptions to appeal waiver).  While the government would certainly be free to raise the waiver provision in the plea agreement if an appeal were filed, Petitioner would also be free to argue why he believes the waiver is somehow invalid or not applicable.

Where, as here, a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(l)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court recommends these procedures to re-institute Petitioner's right to appeal. After reimposition of Petitioner's sentence, Petitioner will have fourteen days in which to file a notice of appeal.

On June 25, 2024, Mr. Murray received the District's Notice to Retained Criminal Defense Attorneys in relation to this case. (Doc. no. 212.) The notice states "[o]nce an appearance by counsel is made, the court will expect counsel to represent the defendant until the conclusion of the case. . . . Thus, the further expectation of this court and the United States Court of Appeal for the Eleventh Circuit is that retained counsel, in making satisfactory financial arrangements, will contemplate services to be rendered upon appeal." (Id. at 1); see also Loc. Crim. R. 1B(a) ("An attorney representing a Defendant may only withdraw by leave of court."); 11th Cir. R. 46-10(a) ("Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court."). Furthermore, Mr. Murray remains Petitioner's attorney of record. Accordingly, the Court presumes Mr. Murray will file a timely notice of appeal on Petitioner's behalf.

Mr. Murray and Petitioner shall confer during the objections period and inform the Court of the following: (1) whether Mr. Murray will file the notice of appeal and continue to represent Petitioner on appeal, and if not, (2) the details of any alternative arrangements to ensure a notice of appeal is filed on Petitioner's behalf in a timely manner. Thus, out of an abundance of caution, the Court **DIRECTS** the **CLERK** to serve a copy of this Report and Recommendation on Mr. Murray.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED**, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of April, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9